```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                                MAR - 5 2025

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY: ____rsm____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. **5:25-CR-00059-AH** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), (b)(1)(C): Distribution of Methamphetamine and Possession with Intent to Distribute Fentanyl, Methamphetamine, and MDMA; 18 U.S.C. § 924(c)(1)(A)(i): Possessing a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm; 18 U.S.C. § 924, 21 U.S.C. § 853, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| DERRICK ANDRE POLLARD JR., aka "Grimsky," and ZACHARY RODRIGUEZ GARCIA, aka "Z," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about September 2, 2020, and continuing until on or about February 24, 2021, in Riverside County, within the Central District of California, and elsewhere, defendants DERRICK ANDRE POLLARD JR., also known as ("aka") "Grimsky," and ZACHARY RODRIGUEZ GARCIA, aka "Z," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

B.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendant POLLARD would negotiate the sale of methamphetamine to customers.

2.   Defendant GARCIA would provide the methamphetamine to customers at prearranged sale locations and discuss the sale and potential future sales of methamphetamine with the customers.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants POLLARD and GARCIA committed various overt acts in Riverside County, within the Central District of California, and elsewhere, including, but not limited to, the following:

1. September 2, 2020 Sale of Powder

Overt Act No. 1:  On September 2, 2020, via telephone using coded language, defendant POLLARD spoke to an individual whom he believed to be a methamphetamine customer, but who was, in fact, a confidential informant working with the Federal Bureau of Investigation (the "Confidential Informant"), to discuss the sale of a pound of methamphetamine for $2,700.

Overt Act No. 2:  On September 2, 2020, via telephone using coded language, defendant POLLARD instructed the Confidential Informant to meet defendant GARCIA at a location in Riverside, California, to conduct the sale.

Overt Act No. 3:  On September 2, 2020, defendant GARCIA met with the Confidential Informant in Riverside, California, and offered to sell the Confidential Informant more than ten pounds of methamphetamine at a discounted price of $2,500 or less per pound, as well as other types of controlled substances and firearms.

Overt Act No. 4:  On September 2, 2020, defendant GARCIA sold the Confidential Informant what he claimed was one pound of methamphetamine, but what was, in fact, 447 grams of Dimethyl Sulfone, for $2,700.

Overt Act No. 5:  On September 2, 2020, via telephone using coded language, after the purported methamphetamine sale, defendant POLLARD instructed the Confidential Informant to pay defendant POLLARD $100 for brokering the sale.

Overt Act No. 6:  On September 2, 2020, defendant POLLARD met with the Confidential Informant in Riverside, California, and took $100 for brokering the sale.

2. September 17, 2020 Sale of Powder

Overt Act No. 7: On September 17, 2020, via telephone using coded language, defendant POLLARD spoke to the Confidential Informant to discuss the sale of a pound of methamphetamine for $2,700 payable to defendant GARCIA and $100 payable to defendant POLLARD.

Overt Act No. 8: On September 17, 2020, via telephone using coded language, defendant POLLARD instructed the Confidential Informant to meet defendant GARCIA at a location in Riverside, California, to conduct the sale.

Overt Act No. 9: On September 17, 2020, defendant POLLARD met with the Confidential Informant in Riverside, California, and took $2,800 from the Confidential Informant as payment for the purported methamphetamine sale.

Overt Act No. 10: On September 17, 2020, defendant GARCIA provided to defendant POLLARD what he claimed was one pound of methamphetamine, but what was, in fact, 446 grams of Dimethyl Sulfone.

Overt Act No. 11: On September 17, 2020, after receiving what he claimed was one pound of pound of methamphetamine, but what was, in fact, 446 grams of Dimethyl Sulfone from defendant GARCIA, defendant POLLARD then gave it to the Confidential Informant.

3. December 15, 2020 Sale of Methamphetamine

Overt Act No. 12: On December 15, 2020, via telephone using coded language, defendant POLLARD spoke to the Confidential Informant to discuss the sale of a pound of methamphetamine.

Overt Act No. 13: On December 15, 2020, via telephone using coded language, defendant POLLARD instructed the Confidential

Informant to meet with defendant GARCIA at a location in Riverside, California, to conduct the sale.

<u>Overt Act No. 14:</u>   On December 15, 2020, defendant GARCIA sold the Confidential Informant approximately 438 grams of pure methamphetamine for $3,000.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

[DEFENDANT POLLARD]

On or about October 14, 2020, in Riverside County, within the Central District of California, defendant DERRICK ANDRE POLLARD JR., also known as "Grimsky," knowingly possessed a firearm, namely, a Glock model G35 .40 caliber pistol, bearing serial number DFF667US, in and affecting interstate and foreign commerce.

Defendant POLLARD possessed such firearm knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Solicitation to Commit Forgery, in violation of Arizona Revised Statutes 13-1002, in the Superior Court of Arizona, County of Maricopa, Case Number 2017-147139-001 DT, on or about April 18, 2018.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about December 15, 2020, in Riverside County, within the Central District of California, defendants DERRICK ANDRE POLLARD JR., also known as ("aka") "Grimsky," and ZACHARY RODRIGUEZ GARCIA, aka "Z," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 438 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT GARCIA]

On or about February 24, 2021, in Riverside County, within the Central District of California, defendant ZACHARY RODRIGUEZ GARCIA, also known as "Z," knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1.,17 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT GARCIA]

On or about February 24, 2021, in Riverside County, within the Central District of California, defendant ZACHARY RODRIGUEZ GARCIA, also known as "Z," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 189 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT GARCIA]

On or about February 24, 2021, in Riverside County, within the Central District of California, defendant ZACHARY RODRIGUEZ GARCIA, also known as "Z," knowingly and intentionally possessed with intent to distribute 3,4-Methylenedioxymethamphetamine ("MDMA" or "ecstasy"), a Schedule I controlled substance.

## COUNT SEVEN

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT GARCIA]

On or about February 24, 2021, in Riverside County, within the Central District of California, defendant ZACHARY RODRIGUEZ GARCIA, also known as "Z," knowingly possessed a firearm, namely, a Glock model 23, .40 caliber pistol, bearing serial number SBL382, in furtherance of the following drug trafficking crimes:

1.  Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count Four of this Indictment;

2.  Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count Five of this Indictment; and

3.  Possession with Intent to Distribute 3,4-Methylenedioxymethamphetamine ("MDMA" or "ecstasy"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Six of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in either of Counts One or Three.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Four through Six of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

    (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

    (c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

14

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts Two or Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

16

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                              A TRUE BILL

                                              /S/ _____
                                              Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime Section

KEVIN J. BUTLER
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section

JENA A. MACCABE
Assistant United States Attorney
Violent & Organized Crime Section

17